**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Tadjoudine Fousseni; Hadidja Fousseni; Sadiatou Amidu, <br><br> Petitioners, <br><br> v. <br><br> Merrick B. Garland, U.S. Attorney General, <br><br> Respondent. | No. 21-1420 <br><br> Agency Nos.  A215-668-556 <br> A215-668-531 <br> A215-668-530 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY[***],
District Judge.

Lead Petitioner Tadjoudine Fousseni petitioned for review of an order

from the Board of Immigration Appeals (BIA) dismissing his appeal of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

1. We review for substantial evidence both the BIA's dismissal and the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citations omitted). Credibility determinations are owed "special deference," and we "will only exercise our power to grant a petition for review when the evidence compels a contrary conclusion." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (cleaned up).

Substantial evidence supports the BIA's determination that Fousseni failed to provide credible testimony to establish his eligibility for asylum and withholding of removal. In his application for asylum, Fousseni described three incidents that led him and his family to seek asylum. The BIA found that Fousseni offered inconsistent testimony on all three incidents. The record does not compel a contrary conclusion.

First, Fousseni gave inconsistent testimony on when, where, and how he was allegedly attacked in August 2012. Fousseni stated that he was not tied up during the alleged attack. But a corroborating witness stated that Fousseni was tied up. To explain the discrepancy, Fousseni stated that the witness had not actually observed the incident but had merely heard about it *from Fousseni*. And he offered no other explanation for the discrepancy.

Second, Fousseni testified that his father was murdered while riding a

2

moped to the mosque. But his sworn declaration stated that his father was murdered while walking to the mosque. Foussenni also testified that somebody told him his father's body was found in the bushes. But his declaration stated that he was with the search party that found his father's body. Compounding the inconsistencies in his story, Fousseni testified that his father never made it to the mosque the day that he was murdered, but the asylum application his wife submitted stated that her father in-law was murdered while *exiting* the mosque. When asked why her application differed from her husband's testimony, Fousseni's wife testified that her application was correct. Fousseni's only explanation was that his wife was sick and unable "to keep a lot of things in her head."

Third, Fousseni's asylum application provided that his daughter was kidnapped and that his mother-in-law paid a $15,000 ransom before his daughter was delivered *at home* after being tied up, beaten, and tortured. But Fousseni testified that he had to travel to *the forest* to recover his daughter after the ransom was paid. The only explanation that Fousseni offered for the discrepancy was that his asylum application incorrectly recorded his statements. But Fousseni then could not offer an explanation why he read and signed his asylum application despite the untrue statements it contained. Moreover, Fousseni's wife testified that she received a ransom phone call immediately after her daughter was kidnapped. But her written application provided that she received a phone call the next day. There was also inconsistent testimony about

whether Fousseni's wife saw the kidnapping occur, or whether she was told about it.

Together, the discrepancies identified by the IJ and the BIA support the adverse credibility finding. The agency provided Fousseni with a reasonable opportunity to explain the perceived inconsistencies and was not required to accept his explanations. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). We hold that there is no "evidence that compels a contrary conclusion" to the IJ's and BIA's adverse credibility determination. *Id.* (cleaned up).

2. In addition, the BIA found that Fousseni failed to meaningfully challenge the IJ's denial of his CAT claim and therefore waived the issue on appeal. Because Fousseni does not challenge this finding in his brief, we find this issue waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Fousseni's petition fails. Accordingly, the derivative petitions of his wife and daughter also fail. *See Kumar v. Gonzales,* 439 F.3d 520, 521, 525 (9th Cir. 2006) (denying petition for review as to derivative petitioners' application because the lead petitioner's petition for review was denied.). The motion for a stay of removal, Docket No. 3, is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED IN PART AND DISMISSED IN PART.**